*%JS 44 (Rev. 12/07)(cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Western Regional Advocacy Center, Anthony Coleman, and Calvin Davis

### DEFENDANTS

Mayor Gavin Newsom, and the Board of Supervisors of San Francisco County

**(b)** County of Residence of First Listed Plaintiff San Francisco County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Francisco County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Sid Wolinsky and Julia Pinover
Disability Rights Advocates
2001 Center St, Third Floor
Berkeley, CA 94704, (510) 665-8644

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | **PRISONER** | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | 26 USC 7609 | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) Transferred from | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment Appeal to District |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Please see Attached

Brief description of cause:

Denial of access for disabled persons to SF city's homeless shelter beds and shelter programs.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION    **DEMAND $**    CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                      **JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE    8/26/08    SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

Civil Cover Sheet

VI. Cause of Action

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*; Americans With Disabilities Act §12101, *et seq.*; Unruh Civil Rights Act, California Civil Code § 51, *et seq.*; California Government Code § 11135; California's Welfare and Institutions Code § 1700 *et seq.*



1  SID WOLINSKY (CA Bar No. 33716)
   JULIA PINOVER (CA Bar No. 255088)
2  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Fourth Floor
3  Berkeley, California 94704-1204
   Telephone:    (510) 665-8644
4  Facsimile:    (510) 665-8511
   TTY:          (510) 665-8716
5  Email:        general@dralegal.org

6  DANIEL MASON (CA Bar No. 54065)
   JOSÉ UMBERT (CA Bar No. 227318)
7  ZELLE HOFMANN VOELBEL MASON & GETTE LLP    E-filing
   44 Montgomery Street, Suite 3400
8  San Francisco, California 94014
   Telephone:    (415) 693-0700
9  Facsimile:    (415) 693-0770

10

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13  WESTERN REGIONAL ADVOCACY
    PROJECT, a nonprofit organization, and
14  CALVIN DAVIS, on behalf of himself and all          **CLASS ACTION COMPLAINT FOR**
    other individuals similarly situated, and           **DISCRIMINATION:  SECTION 504 OF**
15  ANTHONEY COLEMAN, on behalf of                      **THE REHABILITATION ACT;**
    himself and all other individuals similarly         **AMERICANS WITH DISABILITIES**
16  situated.                                           **ACT; CAL. CIV. CODE § 54, *et seq*., CAL.**
                                                        **GOVERNMENT CODE § 11135, *et seq*.;**
17              Plaintiffs,                             **CALIFORNIA WELFARE AND**
                                                        **INSTITUTIONS CODE §17000, *et seq*.**
18
    v.
19
    MAYOR GAVIN NEWSOM, in his official
20  capacity, BOARD OF SUPERVISORS OF
    SAN FRANCISCO COUNTY, in their official
21  capacity,

22              Defendants.

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**INTRODUCTION**

1.      This lawsuit challenges pervasive discrimination against people with disabilities who attempt to access San Francisco's homeless shelter program which fails to provide essential shelter services to homeless people with disabilities.

2.      There are approximately 6,400 homeless people in San Francisco, well over half of whom are disabled.

3.      A central component of the San Francisco homeless program is a bed reservation and service delivery system labeled Care Not Cash ("CNC"). The major benefits provided by the CNC program are shelter beds and the advantage of making a 45-day reservation for a shelter bed.

4.      People who are enrolled in Supplemental Security Income ("SSI"), Social Security Disability Insurance ("SSDI"), Veterans Benefits, or Disability Benefits are not eligible for CNC. People with disabilities are thus denied any opportunity to access CNC-only beds and have no opportunity to make a 45-day shelter bed reservation.

5.      In reserving beds solely for CNC participants, the CNC program takes over three hundred (350) shelter beds out of circulation and makes these beds unavailable to the general homeless population. Every day many homeless people with disabilities are not able to find a shelter bed because they are not allowed to participate in CNC.

6.      Homeless people with disabilities get a disproportionately small share of shelter resources in part because many are not permitted to participate in CNC.

7.      CNC shrinks the already inadequate number of generally available shelter beds. In doing so, CNC makes it much harder for people with disabilities to secure one of the leftover non-CNC beds. The result is that the people who most need aid are effectively excluded from accessing the San Francisco homeless shelter system.

*WRAP, et. al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

8.      The CNC program also provides participants with priority access to more permanent housing in CNC-reserved Single Room Occupancy (SRO) hotels. People with disabilities are thus also deprived of the enhanced SRO access which is available to CNC participants.

9.      The San Francisco homeless shelter system and the CNC program discriminate against disadvantaged homeless people with disabilities. The shelter system and the CNC program both fail to serve a large number of the most vulnerable homeless people with disabilities and inflict, often irreparably, damage to this large and fragile population.

## JURISDICTION

10.     This is an action for declaratory and injunctive relief brought pursuant to the Americans with Disabilities Act Title II, 42 U.S.C. § 12141, *et seq.*, and III, 42 U.S.C. § 12181, *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1342 and 1343.

11.     Under the doctrine of pendant and supplemental jurisdiction, this Court has jurisdiction over plaintiffs' claims arising under California state law.

12.     This Court has jurisdiction to issue injunctive relief and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

13.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the District in which this complaint is filed, because Defendants own and maintain non-compliant programs and facilities within the Northern District of California, and because the acts and omissions giving rise to this claim have occurred in the City of San Francisco, which is within the Northern District of California.

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

2

1

**PARTIES**

2

14.    Plaintiffs are homeless people with disabilities who have been and are being

3

discriminated against by Defendants' operation of the homeless shelter system and the Care

4

Not Cash program in a manner that denies Plaintiffs access to San Francisco's homeless

5

shelter programs and services.

6

7

15.    Plaintiff Western Regional Advocacy Project (WRAP) is a San Francisco based

8

organization which seeks to advocate for and protect the rights of homeless people, including

9

homeless people with disabilities.

10

16.    WRAP was formed in San Francisco and has, for many years, focused on

11

fighting homelessness in San Francisco.

12

17.    WRAP has six membership organizations which it helps to fund and support.

13

WRAP's advocacy and outreach work is based on an intimate relationship with its

14

constituents. The staff of WRAP consists of former homeless people and WRAP advisors are

15

both direct service workers and homeless individuals themselves.

16

17

18.    A majority of WRAP's leaders and members of committees (including the

18

constituency of WRAP's member organizations) are people with disabilities. For many

19

people, WRAP is their singular means of protecting their interests. Many of WRAP's

20

constituents are homeless in San Francisco.

21

19.    WRAP currently expends substantial time and resources on dealing with

22

mentally ill people who are homeless in San Francisco and on advocacy work concerning city

23

policies that affect disabled people who are homeless in San Francisco.

24

20.    WRAP itself has been injured as a direct result of the Defendants' operation of

25

the Care Not Cash program. WRAP's interests are adversely affected since they are forced to

26

27

28

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act,
Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

expend resources advocating for their constituency that is excluded from and damaged by

Care Not Cash. Such injury would be directly redressed by a favorable decision in this case.

21.    Plaintiff Calvin Davis is a homeless individual in the City of San Francisco.

22.    Because Mr. Davis receives SSI benefits, he is ineligible for General

Assistance. Because Mr. Davis is ineligible for General Assistance, he is prohibited from

enrolling in the Care Not Cash program.

23.    Mr. Davis is a person with a physical disability. Mr. Davis became disabled

after a serious accident. After his accident, Mr. Davis' body healed improperly and as a result

the left and right side of his body are out of alignment. This disability substantially impairs

his ability to speak and walk. This physical disability is permanent and causes Mr. Davis

significant pain throughout his daily life.

24.    Mr. Davis' medical condition qualifies him as a person with a disability within

the meaning of all relevant statutes.

25.    Plaintiff Anthoney Coleman is a homeless individual in the City of San

Francisco.

26.    Because Mr. Coleman receives SSI benefits, he is ineligible for General

Assistance. Because Mr. Coleman is ineligible for General Assistance, he is prohibited from

enrolling in the Care Not Cash program.

27.    Mr. Coleman is a person with a physical disability. Mr. Coleman is HIV

positive. Mr. Coleman also has varicose veins in his right leg that cause him a great deal of

pain when standing and walking. In 1994, Mr. Coleman also suffered a serious disabling

accident when he was hit by a car. As a result of this accident the bones in his back have been

replaced with metal. As a result of this accident, Mr. Coleman suffers from chronic pain and

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act,
Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

4

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    is prescribed pain killers. These physical disabilities are permanent and cause Mr. Coleman

2    significant pain throughout his daily life.

3        28.    Mr. Coleman's medical condition qualifies him as a person with a disability

4    within the meaning of all relevant statutes.

5        29.    Defendant Gavin Newsom is the Mayor of the City of San Francisco.

6    Defendant Newsom and his administration implemented and operate the Care Not Cash

7    program.

8

9        30.    Defendant Board of Supervisors of San Francisco County allocates funds to

10   operate the Care Not Cash program. In doing so, the Board of Supervisors funds a

11   government program which unlawfully excludes people with disabilities from accessing

12   programs and services that are available to similarly situated non-disabled people.

13       31.    Defendants, and each of them, operate and maintain the San Francisco

14   homeless shelter system and provide the service of shelter beds to homeless people in the City

15   in a manner that unlawfully discriminates against Plaintiffs.

16

17                              **FACTUAL ALLEGATIONS**

18       32.    Defendants operate the San Francisco homeless shelter system in such a way

19   that homeless people with disabilities are being discriminated against and denied meaningful

20   access to the beds and services offered by that system.

21       33.    San Francisco does not have enough shelter beds to house the existing

22   homeless population. There are approximately three homeless adults in need of emergency

23   shelter for every one of the existing emergency shelter beds. Most of the people sleeping on

24   the streets are disabled and sleep on the street because they are unable to get a shelter bed.

25       34.    Each night, about 2,800 homeless people sleep without shelter. This number,

26   however, is likely a gross underestimation, since certain segments of the homeless population,

27

28

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act,
Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

5

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1

2

3

4

5

6

7

such as well-hidden people, those who are mobile, those living in their cars, or those sleeping in areas deemed too dangerous for volunteer counters at night, are particularly likely to be omitted from homeless counts. Homeless counts also tend to miss a significant segment of the sheltered homeless: those persons doubled up illegally in public housing or living with overcrowded families, those living in SROs, as well as those who are not obviously homeless based on visual assessment.

8

9

10

11

12

13

14

15

35.     A very high percentage of the homeless population in San Francisco consists of people with disabilities, both mental and physical.  A 2007 survey reported that 50% of individuals in the San Francisco homeless shelter system self-identified as having a disability that year.  According to the San Francisco Plan to Abolish Chronic Homelessness, 30-70% of the City's homeless are disabled.  Some observers put that number closer to 80%.  In addition, San Francisco's last official count found that the number of chronically homeless persons – who are by definition people with a disabling condition -- was 1,735.

16

17

18

36.     Defendants operate the homeless shelter system and use the CNC program to allocate shelter resources and determine which homeless people should be entitled to preferential bed reservations and case management services.

19

20

21

37.     Homeless people who receive Supplemental Security Income, Social Security Disability Insurance, Veterans Benefits, or Disability Benefits are automatically ineligible for the CNC program and the benefits and services it offers.

22

23

24

25

26

38.     One goal of CNC was to drive homeless people out of San Francisco by reducing General Assistance cash payments to levels so low as to preclude survival, or as the statute enacting CNC euphemistically explained: the City sought to eliminate "the incentive for homeless individuals who want cash rather than services to congregate [in San Francisco]."

27

28

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination:  Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

6

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    Prop. N, Ballot Pamphlet, City and County of San Francisco, November 2002 General

2    Election at P-169-75.

3        39.    A CNC-designated shelter bed is reserved for 45 days. A CNC recipient may

4    keep this reservation for 45 days by using the bed each night. The bed is held for a minimum

5    of 3 days if the CNC participant does not show up to sleep in the bed. Some recipients do not

6    show up. Consequently, each night there are 60 to 80 CNC reserved beds in the emergency

7    shelter system left vacant. If the recipient fails to claim the bed, then notice is issued to

8    reassign the CNC recipient to a new shelter bed and the unclaimed shelter bed is reassigned to

9    another CNC participant. The CNC beds are not released into the general shelter reservation

10    system.

11

12        40.    Homeless people who are not CNC enrollees are routinely turned away from

13    shelters even when there are empty CNC beds inside the shelter. Because any person who is

14    eligible for disability benefits is not able to participate in the CNC program even if there is an

15    empty CNC bed at a shelter, a homeless person with a disability may be denied shelter solely

16    because of his or her disabled status.

17

18        41.    The City allocates at least one quarter of all of the available emergency shelter

19    beds to CNC participants. The City takes these beds out of circulation and sets them aside for

20    CNC participants only. Because many homeless people with disabilities are not permitted to

21    participate in CNC, they are excluded from around 320 beds every day.

22        42.    Any individual who is not enrolled in CNC must often wait until nearly

23    midnight to learn if he will be able to sleep in a shelter bed. Non-CNC recipients who try to

24    access temporarily vacant CNC beds must go through a daily bureaucratic process that

25    frequently includes multiple visits to resource centers, hours of queuing up for beds and

26    arduous late night travels across the City.

27

28

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act,
Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

7

43.    The CNC program also provides CNC participants with assistance in obtaining more permanent shelter in Single Room Occupancy (SRO) housing. People with disabilities who are excluded from CNC have no opportunity to access these CNC services. These people receive no preferential treatment to facilitate their placement in an SRO.

44.    As a result of Defendants' operation of CNC in a way that excludes homeless people with disabilities, homeless people with disabilities are less likely than their non-disabled peers to have access to the case management services necessary to transition from emergency shelter to more permanent SRO housing.

45.    Despite the fact that there are many thousands of homeless people in San Francisco who desperately need shelter beds, mental health services, and case management services, San Francisco for the past several years has engaged in a pattern of eliminating shelter services, shrinking shelter resources, and closing essential shelters.

46.    Throughout the years, Defendants have chosen to shrink the resources available to shelters that provide emergency overnight shelter beds and chairs. For example, this year San Francisco has decided to close, among others, Ella Hill Hutch shelter that served 100 people per night.

47.    The total number of shelter beds in San Francisco is frequently overstated and is constantly changing. For example, Defendants often close down shelters and fail to replace the lost beds and services. Defendants also frequently change shelter requirements (i.e. shifting from single man to families), eliminate or reduce shelter funding and switch a centrally located facility to an inconveniently located facility with minimum access.

48.    The City's constant whittling down of shelter services has resulted in far fewer services available for all homeless people. With fewer resources available, the demand for the

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

8

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   existing services has increased and this has further marginalized disabled homeless people and

2   prevented them from having access to the shelter services they desperately need.

3       49.     In order to justify their discrimination against disabled homeless people and

4   cutbacks to essential services, Defendants have inaccurately characterized San Francisco's

5   homeless population as people who are homeless by choice.

6       50.     In fact, homelessness in San Francisco is created by multiple factors beyond the

7   control of the homeless individuals. These factors include disability, the lack of affordable

8   housing, gentrification, intensified poverty and unemployment.

9

10      51.     San Francisco has one of the most severe affordable housing shortages in the

11  country and is consistently cited by the National Low Income Housing Coalition as one of the

12  least affordable metropolitan areas in the country.

13      52.     The shelter program's systematic exclusion of disabled men and women means

14  that this most needy class of homeless people are forced to either sleep on the street or

15  compete for access to a shelter bed in a system where they are severely disadvantaged.

16  Especially for homeless people with disabilities, the consequences of this system can be life

17  threatening.

18

19      53.     For all the foregoing reasons, Defendants' operation and maintenance of the

20  San Francisco homeless shelter system discriminates against people with disabilities and fails

21  to provide meaningful access to its programs, services, and activities as required by Federal

22  and State law.

23      54.     Plaintiffs are without a plain, speedy or adequate remedy at law, thereby

24  rendering injunctive relief appropriate in that:

25          a.  Damages cannot adequately compensate Plaintiffs and their class for the

26              injuries suffered;

27

28

*WRAP, et. al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act,
Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

9

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

b.  If the conduct complained of is not enjoined, a multiplicity of suits will result in that the Defendants' conduct is continuous and ongoing; and

c.  Damages for the harm inflicted upon Plaintiffs and their class are difficult to ascertain.

## CLASS ALLEGATIONS

55.    Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the named Plaintiffs bring this action for injunctive and declaratory relief on their own behalf and on behalf of all persons similarly situated. The class the named Plaintiffs seek to represent is composed of all homeless persons with disabilities in San Francisco who have been excluded from the CNC program by reason of their receipt of Supplemental Security Income, Social Security Disability Insurance, Veterans Benefits, or Disability Benefits. The class claims asserted herein are solely for injunctive and declaratory relief for the class.

56.    The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

57.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that they, or their members, have been and continue to be denied their civil rights of access to, and use and enjoyment of San Francisco's homeless shelter programs, services and facilities due to the City's discriminatory implementation of the Care Not Cash program and failure to provide Plaintiffs with meaningful access to the San Francisco shelter program.

58.    Common questions of law and fact predominate, including questions raised by Plaintiffs' allegations that Defendants have failed to provide program access to San Francisco homeless shelter programs, services and facilities and that Defendants' core approach to

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

10

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

providing services and beds to homeless people, the Care Not Cash program, excludes and discriminates against people with disabilities.

59.    The claims of the named Plaintiffs are typical of the claims of the class as a whole because the named Plaintiffs, or their members, are similarly affected by Defendants' failure to provide access to their homeless shelter programs, services and facilities.

60.    The named Plaintiffs are adequate class representatives because they, or their members, are directly impacted by Defendants' discriminatory implementation of their homeless shelter system and Care Not Cash program, which denies class members meaningful access to Defendants' shelter system. The interests of the named Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole. The attorneys representing the class are experienced in disability law and in class action institutional reform litigation. Plaintiffs' counsel is qualified to fully prosecute this litigation and possess adequate resources to see this matter through to a resolution.

61.    Defendants have acted and/or failed to act on grounds generally applicable to the class as a whole, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
## SECTION 504 OF THE REHABILITATION ACT OF 1973

62.    Plaintiffs re-allege and incorporate herein all previously alleged paragraphs of the complaint.

63.    Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a).

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination:  Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

11

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    64.    An "individual with a disability" is defined under the statute, in pertinent part,

2    as "an individual who has a physical or mental impairment which substantially limits one or

3    more of such person's major life activities." 29 U.S.C. § 705(20)(A). The Plaintiffs are, or

4    represent, qualified individuals with disabilities within the meaning of the applicable statutes.

5    65.    Section 504 requires the head of every executive agency to promulgate

6    regulations as shall be necessary to carry out the Act. 29 U.S.C. § 794(a).

7

8    66.    The Department of Housing and Urban Development ("HUD") regulations

9    provide that "no qualified handicapped person shall, solely on the basis of handicap, be

10   excluded from participation in, be denied the benefits of, or otherwise be subjected to

11   discrimination under any program or activity that receives Federal financial assistance from

12   the Department." 24 C.F.R. §8.4(a).

13   67.    These regulations prohibit the San Francisco homeless shelter system, from

14   providing any "housing, aid, benefit, or service, in a program or activity . . . [either] directly or

15   through contractual, licensing, or other arrangements" in a way that discriminates "on the

16   basis of handicap." 24 C.F.R. §8.4(b)(1).

17

18   68.    The regulations define "discrimination" as prohibiting the Defendants from:

19        a.   "Deny[ing] a qualified handicapped person the opportunity to participate in or

20            benefit from the housing, aid, benefit, or service;" 24 C.F.R. §8.4(b)(1)(i).

21        b.   "Afford[ing] a qualified handicapped person an opportunity to participate in

22            or benefit from the housing, aid, benefit, or service that is not equal to that

23            afforded others;" 24 C.F.R. §8.4(b)(1)(ii).

24        c.   "Provid[ing] a qualified individual with handicaps with any housing, aid,

25            benefit, or service that is not as effective in affording equal opportunity to

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*WRAP, et. al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act,
Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

12

1    obtain the same result, to gain the same benefit, or to reach the same level of

2    achievement as that provided to others;" 24 C.F.R. §8.4(b)(1)(iii).

3        d.  "Provid[ing] different or separate housing, aids, benefits or services to

4    handicapped persons or to any class of handicapped persons than is provided

5    to others unless such action is necessary to provide qualified handicapped

6    persons with housing, aid, benefits, or services that are as effective as those

7    provided to others;" 24 C.F.R. §8.4(b)(1)(iv).

8

9        e.  "Otherwise limit a qualified individual with handicaps in the enjoyment of

10    any right, privilege, advantage, or opportunity enjoyed by other qualified

11    individuals receiving the housing, aid, benefit, or service." 24 C.F.R.

12    §8.4(b)(1)(viii).

13        69.    These regulations also require that the San Francisco homeless shelter system

14    operate and maintain "housing, aids, benefits, and services" in such a way that "afford[s]

15    individuals with handicaps equal opportunity to obtain the same result, to gain the same

16    benefit, or to reach the same level of achievement." 24 C.F.R. §8.4(b)(2).

17

18        70.    These regulations further define discrimination to prohibit the San Francisco

19    homeless shelter system, directly or through contractual or other arrangements, from

20    "utilize[ing] criteria or methods of administration the purpose or effect of which would—(i)

21    Subject qualified individuals with handicaps to discrimination solely on the basis of handicap,

22    (ii) Defeat or substantially impair the accomplishment of the objectives of the recipients

23    federally assisted program or activity for qualified individuals with a particular handicap

24    involved in the program or activity, unless the recipient can demonstrate that the criteria or

25    methods of administration are manifestly related to the accomplishment of an objective of a

26    program or activity." 24 C.F.R. §8.4(b)(4).

27

28

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

13

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

71.   The San Francisco homeless shelter program has received substantial federal financial assistance at all relevant times, including substantial financial assistance from HUD.

72.   Defendants have violated Plaintiffs' rights under Section 504(a) of the Rehabilitation Act of 1973 and the regulations promulgated there-under through their actions or inactions that deny Plaintiffs their right to have access to the programs, services and activities offered by Defendants, and by discriminating against Plaintiffs solely by reason of their disabilities.

73.   Plaintiffs have no adequate remedy at law and unless the relief requested herein is granted, Plaintiffs will suffer irreparable harm in that they will continue to be discriminated against and denied access to the programs, services and activities of the San Francisco homeless shelters.  Consequently, Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT

74.   Plaintiffs re-allege and incorporate herein all previously alleged paragraphs of the complaint.

75.   Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, provides that:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

76.   The term "disability" includes persons with physical and mental impairments that substantially limit one or more major life activities.  42 U.S.C. § 12102.  The plaintiffs are qualified individuals with disabilities within the meaning of 42 U.S.C. § 12102, 42 U.S.C. § 12131, and 28 C.F.R. § 35.104.

*WRAP, et. al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination:  Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

14

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

77.    A "public entity" includes state and local governments, their agencies, and their instrumentalities. 42 U.S.C. § 12131(1). Defendants qualify as public entities within the meaning of 42 U.S.C. § 12132 and 28 C.F.R. § 35.104.

78.    Title II of the ADA generally requires that public entities must operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities. 28 C.F.R. § 35.150.

79.    Under the ADA, a program operated by a public entity, like the San Francisco homeless shelter system, is required to provide disabled persons with "meaningful access" to enjoy the benefits of programs, services, and activities. Thus, public services must affirmatively consider the needs of disabled persons who are qualified recipients of such services.

80.    Through its establishment of a priority bed system for Care Not Cash participants, the Defendants have created eligibility requirements that, in its design and administration of the homeless shelter programs, tend to screen out individuals with disabilities in violation of 28 C.F.R. § 35.130(b)(8).

81.    Defendants use criteria or methods of administration that have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the public entity's program with respect to persons with disabilities in violation of 28 C.F.R. § 35.130(b)(8).

82.    In providing the aid, benefits, and services associated with the San Francisco homeless shelter programs, the Defendants may not deny the Plaintiffs the equal opportunity to participate in or benefit from the aid, benefits, or services of said program. 28 C.F.R. § 130(b)(1)(ii). Further, Defendants may not provide Plaintiffs with an aid, benefit, or service that is not as effective in affording the same opportunity to obtain the same result, gain the

*WRAP, et. al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

15

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    same benefit, or to reach the same level of achievement as provided to persons without

2    disabilities.  28 C.F.R. § 130(b)(1)(iii).

3        83.    Title II of the ADA requires Defendants to make reasonable modifications in

4    the homeless shelter system to avoid discrimination against Plaintiffs on the basis of disability.

5    28 C.F.R. § 35.130(b)(7).

6        84.    Defendants' conduct constitutes an ongoing and continuous violation of Title II

7    of the ADA.  Unless restrained from doing so, Defendants will continue to violate the ADA.

8    Unless enjoined, said conduct will continue to inflict injuries for which plaintiffs have no

9    adequate remedy at law.

10   WHEREFORE, Plaintiffs request relief as set forth below.

## THIRD CAUSE OF ACTION
## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

13       85.    Plaintiffs re-allege and incorporate herein all previously alleged paragraphs of

14   the complaint.

15       86.    Similar to Title II of the ADA, Title III  prohibits discrimination against an

16   individual:

17           on the basis of disability in the full and equal enjoyment of the goods, services,
             facilities, privileges, advantages, or accommodation of any place of public
18           accommodation by any person who owns, leases (or leases to), or operates
             a place of public accommodation.

19   42 U.S.C. § 12182(a).

20       87.    42 U.S.C. § 12181(7)(K) specifically enumerates a homeless shelter as a place

21   of public accommodation.

22       88.    Defendants operate and maintain homeless shelters and leases shelter space

23
24   from private entities to temporarily house a portion of the homeless population of San

25   Francisco.

26       89.    In providing the aid, benefits, and services associated with the shelter program

27   and Care Not Cash program, Defendants may not deny the Plaintiffs and class members the

28

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act,
Cal. Civ. Code § 54, *et seq*., Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

16

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1

equal opportunity to participate in or benefit from the aid, benefits, or services of said

2

programs. 42 U.S.C. § 12182(b)(1)(A)(i). Additionally, Defendants may not provide

3

Plaintiffs and class members with an aid, benefit, or service that is not as effective in affording

4

the same opportunity to obtain the same result or gain the same benefit as provided to persons

5

without disabilities. 42 U.S.C. § 12182(b)(1)(A)(ii).

6

7

90.    Title III of the ADA prohibits the Defendants from imposing eligibility criteria

8

that "screen out or tend to screen out an individual with a disability or any class of individuals

9

with disabilities from fully and equally enjoying any . . . services, facilities, privileges,

10

advantages, or accommodations." 28 C.F.R. § 36.301(a). The Defendants' policy of reserving

11

beds for Care Not Cash participants is a policy that tends to screen out individuals on the basis

12

of their disability and denies said individuals with disabilities access to the benefits and

13

privileges of the Defendants' homeless shelters.

14

91.    Title III of the ADA requires the Defendants to make reasonable modifications

15

to the Care Not Cash bed reservation program to avoid discrimination against Plaintiffs and

16

class members the basis of disability. 28 C.F.R. § 36.302.

17

18

92.    Defendant's conduct constitutes an ongoing and continuous violation of Title

19

III of the ADA. Unless restrained from doing so, the Defendants will continue to violate the

20

ADA. Unless enjoined, said conduct will continue to inflict injuries for which plaintiffs have

21

no adequate remedy at law.

22

23

### FOURTH CAUSE OF ACTION
### CALIFORNIA CIVIL CODE § 54

24

93.    Plaintiffs reallege and incorporate all previously alleged paragraphs of the

25

complaint.

26

94.    California Civil Code §§ 54 *et seq.* ("Disabled Persons Act") provides that in

27

California, "[i]ndividuals with disabilities shall be entitled to full and equal access, as other

28

*WRAP, et. al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

17

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    members of the general public, to accommodations, advantages, facilities, medical facilities,

2    including hospitals, clinics, and physicians' offices, and privileges of all common carriers,

3    airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public

4    conveyances or modes of transportation (whether private, public, franchised, licensed,

5    contracted, or otherwise provided), telephone facilities, adoption agencies, private schools,

6    hotels, lodging places, places of public accommodation, amusement, or resort, and other

7    places to which the general public is invited, subject only to the conditions and limitations

8    established by law, or state, or federal regulation, and applicable alike to all persons." Cal.

9    Civ. Code § 54.1(a)(1).

10

11    95.    Defendants operate, and maintain the San Francisco Homeless shelter system

12    which is a "place of public accommodation or other place to which the general public is

13    invited" within the meaning of Civil Code §§ 54 *et seq.*

14    96.    In 1992, the California Legislature amended the Disabled Persons Act to

15    increase protections for persons with disabilities by "strengthen[ing] California law in areas

16    where it is weaker than the Americans with Disabilities Act of 1990 ... and...retain[ing]

17    California law when it provides more protection for individuals with disabilities." (Stats. 1992,

18    Chap. 913, §1.) The ADA provides a minimum floor of protections for Californians with

19    disabilities, while the Disabled Persons Act (like the Unruh Act) offers greater protections

20    than the ADA.

21

22    97.    Under the Disabled Persons Act, "disability" is defined as including mental and

23    physical disabilities as those terms are defined in Cal. Gov. Code §§ 12926. (*See* Cal. Civ.

24    Code § 54(b)(1).)

25    98.    Under this definition, "'[m]ental disability' includes, but is not limited to, all of

26    the following: (1) Having any mental or psychological disorder or condition, such as mental

27

28

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

18

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    retardation, organic brain syndrome, emotional or mental illness, or specific learning

2    disabilities, that limits a major life activity. . . ." (Cal. Gov't Code § 12926(i)(1).)

3        99.    In turn, "'[p]hysical disability' includes, but is not limited to, all of the

4    following: (1) Having any physiological disease, disorder, condition, cosmetic disfigurement,

5    or anatomical loss that does both of the following: (A) Affects one or more of the following

6
     body systems: neurological, immunological, musculoskeletal, special sense organs,
7
     respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary,
8
9    hemic and lymphatic, skin, and endocrine. [¶] (B) Limits a major life activity." (Cal. Gov.

10    Code §§ 12926(k)(1).)

11        100.    Under California law, "[a] mental or psychological disorder or condition limits

12    a major life activity if it makes the achievement of the major life activity difficult." (Cal.

13    Gov't Code § 12926(i)(1)(B); *see also* Cal. Gov't Code § 12926(k)(1)(B)(ii) [using same

14    definition for physical disability].)

15
        101.    Under California law, the term "limits" for purposes of defining disability
16
     "shall be determined without regard to mitigating measures, such as medications, assistive
17
18    devices, or reasonable accommodations, unless the mitigating measure itself limits a major life

19    activity." (Cal. Gov't Code §§ 12926(i)(1)(A) & (k)(1)(B)(i).)

20        102.    Under California law, the term "'major life activities' shall be broadly

21    construed and shall include physical, mental, and social activities and working." (Cal. Gov't

22    Code §§ 12926(i)(1)(C) & (k)(1)(B)(iii).)

23        103.    Plaintiff Calvin Davis is an individual with a disability and entitled to the

24    protections of the Disabled Persons Act.

25
        104.    Plaintiff Anthoney Coleman is an individual with a disability and entitled to the
26
     protections of the Disabled Persons Act.
27

28

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act,
Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    105.    California's Disabled Persons Act requires public accommodations such as the

2    San Francisco Homeless Shelters to provide full and equal access to people with mental and

3    physical disabilities.

4    106.    The Act further prohibits public accommodations from erecting barriers to

5    accommodations, from deterring individuals with disabilities in their pursuit of

6    accommodations and meaningful programmatic access, and from otherwise discriminating

7    against individuals with disabilities.

8

9    107.    The Disabled Persons Act authorizes a court to award preventive relief,

10    including permanent and temporary injunctions, in order to ensure the full enjoyment of the

11    rights guaranteed by the Act. (*See* Cal. Civ. Code. § 54.3(b).)

12    108.    The actions of Defendants were and are in violation of the Disabled Persons

13    Act, California Civil Code §§ 54, *et seq.*, and therefore Plaintiffs are entitled to injunctive

14    relief remedying the violations.

15

16    ### FIFTH CAUSE OF ACTION
### CALIFORNIA GOVERNMENT CODE § 11135

17    109.    Plaintiffs reallege and incorporate herein all previously alleged paragraphs of

18    the complaint.

19    110.    California Government Code §11135 and the regulations promulgated

20    thereunder prohibit discrimination against persons with disabilities by recipients of state

21    funding.  The statute provides in pertinent part, that:

22

23    > No person in the State of California shall, on the basis
> of...disability, be unlawfully denied full and equal access to the
> benefits of, or be unlawfully subjected to discrimination under, any

24    > program or activity that is conducted, operated or administered by
> the state or any state agency, is funded directly by the state, or

25    > receives any financial assistance from the state.

26    111.    Plaintiffs are informed and believe that Defendants have received substantial

27    state financial assistance at all relevant times.

28

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act,
Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    112.    Defendants' discriminatory policies and practices deny Plaintiffs full and equal

2    access to shelter beds and services in violation of California Government Code §11135 and the

3    regulations promulgated thereunder.

4    113.    Defendants have violated California Government Code § 11135(b) in that the

5    conduct alleged herein constitutes a violation of the ADA, 42 U.S.C. § 12132.

6    114.    As a proximate result of Defendants' violations of §11135, Plaintiffs and the

7

8    class have been injured as set forth herein.

9    115.    Unless enjoined, Defendants' conduct will continue to inflict injuries for which

10   Plaintiffs have no adequate remedy at law.

11
### SIXTH CAUSE OF ACTION
### CALIFORNIA WELFARE AND INSTITUTIONS CODE § 17000
12

13   116.    Plaintiffs reallege and incorporate herein all previously alleged paragraphs of

14   the complaint.

15   117.    California's Welfare and Institutions Code § 17000 mandates that the County

16   relieve and support all incompetent, poor, indigent persons and those incapacitated by age,

17   disease, or accident.

18   118.    Welfare and Institutions Code §§ 10000, 11000, and 11004 require that such

19   programs be administered humanely and fairly.

20   119.    Defendants are violating the aforesaid laws by adopting and using policies,

21   practices, standards, and procedures that are inhumane and unfair, and wrongfully deny

22

23   homeless people with disabilities access to Defendants' homeless shelter system.

24   120.    Unless enjoined, Defendants' conduct will continue to inflict injuries for which

25   Plaintiffs have no adequate remedy at law.

26   \\

27

28

---

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination:  Americans with Disabilities Act, Section 504 of the Rehabilitation Act,
Cal. Civ. Code § 54, *et seq*., Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

21

## SEVENTH CAUSE OF ACTION
## DECLARATORY RELIEF

121.    Plaintiffs re-allege and incorporate herein all previously alleged paragraphs of the complaint.

122.    Plaintiffs contend that the San Francisco homeless shelter system, which Defendants own, operate, and/or control, fails to comply with applicable laws including the Americans with Disabilities Act, which requires public entities to provide meaningful access to programs, activities, and facilities for persons with physical and mental disabilities. Defendants disagree with Plaintiffs' contention.

123.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiffs request relief as set forth below.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    A declaration that the San Francisco homeless shelter program, specifically including Care Not Cash, is being operated in a manner that discriminates against persons with disabilities and that fails to provide meaningful access for persons with disabilities as required by law;

2.    An order enjoining Defendants from violating federal and state disability discrimination laws in their operation of the San Francisco homeless shelter program, specifically including Care Not Cash;

3.    Plaintiffs' reasonable attorneys' fees and costs;

4.    Such other and further relief as the Court deems just and proper.

\\

\\

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq.*, Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

22

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DATED:     August 26, 2008

By: _____
Sid Wolinsky
Julia Pinover
DISABILITY RIGHTS ADVOCATES

and

Daniel Mason
José Umbert
ZELLE, HOFMANN, VOELBEL,
MASON & GETTE, LLP

Attorneys for Plaintiffs

*WRAP, et al. v. Mayor Newsom, et al.*
Class Action Complaint for Discrimination: Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal. Civ. Code § 54, *et seq*., Cal. Gov't Code § 11135, *et seq.*, Cal. Welf. & Inst. Code § 17000, *et seq.*

23