SID WOLINSKY (CA Bar No. 33716)
JULIA PINOVER (CA Bar No. 255088)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Fourth Floor
Berkeley, California  94704-1204
Telephone:      (510) 665-8644
Facsimile:      (510) 665-8511
TTY:            (510) 665-8716
Email:          general@dralegal.org

DANIEL MASON (CA Bar No. 54065)
JOSE UMBERT (CA Bar No. 227318)
ZELLE HOFFMANN VOELBEL MASON & GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, California 94014
Telephone:      (415) 693-0700
Facsimile:      (415) 693-0770

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN REGIONAL ADVOCACY PROJECT, a nonprofit organization, and CALVIN DAVIS, on behalf of himself and all other individuals similarly situated, and ANTHONEY COLEMAN, on behalf of himself and all other individuals similarly situated.<br><br>          Plaintiffs,<br><br>v.<br><br>MAYOR GAVIN NEWSOM, in his official capacity, BOARD OF SUPERVISORS OF SAN FRANCISCO COUNTY, in their official capacity,<br><br>          Defendants. | Case No.: CV 08 4087<br><br><br>**CLASS ACTION**<br><br>**OPPOSITION OF PLAINTIFFS TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Maxine M. Chesney |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    Plaintiffs Western Regional Advocacy Project, Calvin Davis, and Anthoney Coleman

2  ("Plaintiffs") hereby oppose the administrative motion of Defendants Mayor Gavin Newsom and

3  the Board of Supervisors of San Francisco County ("Defendants").  Defendants seek to continue

4  the initial case management conference for this proceeding.  Pursuant to its established

5  procedures, this Court already has scheduled the case management conference for December 5,

6  2008.  Defendants request that it be delayed to January 9, 2009, which would prevent the case

7  management conference from being held until over four months after the filing of the Complaint.

8    The sole basis for Defendants' request is their filing of a motion to dismiss.  A mere hope

9  of Defendants that they might succeed on a motion constitutes an insufficient reason to disrupt

10  the orderly administrative scheduling and case management processes of this Court.  Moreover,

11  the delay sought by Defendants will severely prejudice Plaintiffs, who are vulnerable and

12  destitute.  Further, little if anything will be gained by delay.  For these reasons, the administrative

13  motion should be denied.

14

15  **Delay Would Severely Prejudice Plaintiffs**

16    This lawsuit was filed August 27, 2008, on behalf of a class consisting of people who are

17  homeless, poverty-stricken, and disabled.  Plaintiffs allege that Defendants engage in

18  discriminatory practices that exclude homeless people with disabilities from shelter beds and

19  essential shelter services.  This continuing conduct that denies at-risk, disabled homeless persons

20  meaningful access to the emergency shelter beds they desperately need causes them

21  unimaginable hardship.  Any delay in obtaining relief from Defendants' discriminatory practices

22  only compounds that hardship by postponing important administrative matters essential to the

23  orderly and prompt resolution of this lawsuit — whether through litigation or alternative dispute

24  resolution — just as the worst conditions of the winter season approach.

25    As Plaintiffs allege in detail, every day many homeless disabled people are unable to find

26  a shelter bed because of Defendants' conduct.  There are approximately three homeless adults

27  needing emergency shelter for every one of the beds available.  Each night, at least 2,800

28  homeless people sleep without any shelter.  As many as eighty percent of homeless persons are

---

*WRAP, et al. v. Mayor Newsom, et al.,* **Case No. CV 08-4087**
**Opposition of Plaintiffs to Defendants' Administrative Motion to Continue Initial Case Management Conference**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    disabled.  By operating their emergency shelter and other welfare programs with the express goal

2    of eliminating "the incentive for homeless people who want cash rather than services to

3    congregate" in San Francisco, Defendants effectively screen out men and women with

4    disabilities from the emergency shelter program and deny shelter to many homeless persons

5    solely because of their status as disabled people.  At the same time, Defendants deliberately have

6    reduced the already scarce number of shelter beds available to homeless persons, thus further

7    marginalizing the disabled homeless population.  Defendants' systematic exclusion of disabled

8    men and women from their shelter program forces them either to sleep on the street or to

9    compete for access to a shelter bed in a system in which they are severely disadvantaged.

10          Although a one-month delay may be inconsequential to Defendants, for Plaintiffs it

11   means they must continue to endure intolerable and life-threatening conditions in the streets,

12   alleys, abandoned buildings and public parks of San Francisco.

13

14   **The Requested Action Would Disrupt the Orderly Process of this Suit**

15          On September 10, 2008, shortly after the filing of this action, the Court issued its

16   scheduling order setting the case management conference for December 5.  Accordingly,

17   pursuant to Fed. R. Civ. P. 26(f)(1), the parties would be required to meet and confer no later

18   than November 14.  The parties had agreed to meet on November 4, but at Defendants' request,

19   Plaintiffs extended Defendants the courtesy of several extensions.  If the case management

20   conference is continued to January 9, 2009, as Defendants request, the obligation to meet and

21   confer will follow the December 5 hearing on the motion to dismiss by only a couple of weeks.

22   It is unclear whether Defendants expect the Court necessarily to render a decision on their

23   motion to dismiss by that time.  In Plaintiffs' view, it is not at all certain that Defendants' motion

24   will be decided so quickly.  Thus, the "wasted" time and effort Defendants claim they seek to

25   avoid may be necessary even if the Court grants their motion for a continuance.

26

27

28

**Postponing the Case Management Conference Would Delay Any Potential Resolution**

Furthermore, Defendants' attempt to delay the case management conference, if successful, also would delay initial disclosures as well as alternative dispute resolution, which Plaintiffs have repeatedly requested.  In addition, a continuance of the case management conference would preclude Plaintiffs from obtaining information necessary to ascertain whether to file any motions that might be appropriate.  Finally, the amount of time and effort Defendants seek to avoid is minimal — a single Rule 26 Meet and Confer court appearance on the *same day* as the hearing on Defendants' motion to dismiss:  December 5, 2008.

Plaintiffs respectfully submit that the Court's administrative case management procedures should not be disrupted by Defendants' unilateral hope that they will succeed in having each and every claim alleged by Plaintiffs dismissed by the Court before January 9, 2009. Defendants' administrative motion to continue the case management conference should be denied.


Dated:  November 6, 2008

          SID WOLINSKY
          JULIA PINOVER
          DISABILITY RIGHTS ADVOCATES


          By:_____
              SID WOLINSKY

          Attorneys for Plaintiffs

\\Server\Cases\WRAP.Newsom\Pleadings\OppositionToAdmMotion.doc

DISABILITY RIGHTS ADVOCATES
STREET, FOURTH FLOOR
CALIFORNIA 94704-1204
(510) 665-8644

RIGHTS ADVOCATES
R STREET, THIRD FLOOR
CALIFORNIA 94704-1204
(510) 665-8644